# DEIRDRE BENIK V. VHS OF ILLINOIS, INC.

# EXHIBIT 1

ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

DECEMBER 06, 2013

DEIRDRE BENIK
5619 LINCOLN AVE
LISLE, IL 60532

RE: CHARGE NO.: 2014-CA-1348
RESPONDENT: VHS OF ILLINOIS

**Complaint or Civil Action Filing Dates:** 11/26/14 THROUGH 02/23/15

Dear Complainant:

You have filed a discrimination charge under the Human Rights Act. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone or come to the Department of Human Rights (Department). If there is an "A", "E", or "F" in your charge number, we are enclosing an important notice from the Federal Equal Employment Opportunity Commission because your charge has been automatically filed with that agency.

If the charge involves the basis of disability, the Department requires two additional forms to determine whether the Department has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

   **(1) Medical Questionnaire.**
     Please give the Medical Questionnaire to your physician for completion. Request your physician to return the completed medical questionnaire to the Department by mail to the Department's address below **within 30 days** of your receipt of this notice; and

   **(2) Consent Form.**
     The Consent Form allows the Department to review your physician's documentation. Please fill out the consent form and return it to the Department, again, **within 30 days** of your receipt of this notice.

If your charge does not involve the basis of disability, then the Medical Questionnaire and Consent Form are not needed and are not enclosed.

When a fact-finding conference is scheduled, you will be advised of the date. It is your responsibility to cooperate with the Department's investigation and provide all pertinent information you have concerning the case by the dates requested.

Page 2.

You have the right to file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court, if the Department of Human Rights (DHR) has not completed your case by issuing its report of findings within 365 days from the date you filed your PERFECTED signed and notarized charge or within any extension of that time to which you and the Respondent have agreed in writing.

Within 90 days of the expiration of the 365 days or extension (see above paragraph), if you so choose, you may file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court. We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, the Commission may dismiss your complaint; or, your civil action may be deemed untimely.

Once 455 days (or the extended time) have passed, DHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case. If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on DHR, on the same day that you file a complaint with the Commission. The Commission will then schedule a hearing for your case before an Administrative Law Judge. If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

*You must advise DHR of all changes of name, address or telephone numbers. If you do not do so, DHR may dismiss your case if it cannot locate you.*

1509-0059 IN-6 NON-MED
REV. 2/2010

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#14W1122.01 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2014CA1348 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Deirdre R. Benik | | TELEPHONE NUMBER (include area code)<br>(630) 852-6827 | |
|---|---|---|---|
| STREET ADDRESS<br>5619 Lincoln Avenue | CITY, STATE AND ZIP CODE<br>Lisle, Illinois 60532 | | DATE OF BIRTH<br>10/18 / 58<br>M  D  YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>VHS of Illinois d/b/a Mac Neal School | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br>(708) 343-7500 |
|---|---|---|
| STREET ADDRESS<br>10110 Gladstone Street | CITY, STATE AND ZIP CODE<br>Westchester, Illinois 60154 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Age    Disabilities | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)    LATEST (ALL)<br>11 /1/12          8/8/13<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS
HARASSMENT – NOVEMBER 1, 2012, THROUGH AUGUST 8, 2013, BECAUSE OF MY AGE, 54

  B. PRIMA FACIE ALLEGATIONS
   1. My age was 54 at the time of the alleged violation.

   2. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

Page 1 of 8

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 25th DAY OF November 2013.<br><br>[signature]<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>YOLANDA G GODWIN<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:09/21/15<br>11/25/13<br>NOTARY STAMP | X Deirdre R. Benik    11/25/2013<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 2 of 8

    3. From November 1, 2012, through August 8, 2013, I was harassed by Michele F. Hixon (age unknown), Principal, Dr. Elaine Moor (age unknown), Dean of Students, Ms. Rheams (age unknown), Counseling Coach, and Elizabeth Bakula (age unknown), Licensed Social Worker. They accused me of losing files, being disorganized, not being a team member and not completing work in a timely manner.

    4. Similarly situated younger employees under age 40 were not treated in this manner.

II.  A.  ISSUE/BASIS
HARASSMENT – NOVEMBER 1, 2012, THROUGH AUGUST 8, 2013, BECAUSE OF MY DISABILITY, OCULAR MACULAR DEGENERATION

    B.  PRIMA FACIE ALLEGATIONS
    1. I am an individual with a disability as defined by the Illinois Human Rights Act.

    2. Respondent was aware of my disability.

    3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

    4. From November 1, 2012, through August 8, 2013, I was harassed by Michele F. Hixon (no-known disability), Principal, Dr. Elaine Moor (no-known disability), Dean of Students, Ms. Rheams (no-known disability), Counseling Coach, and Elizabeth Bakula (no known disability). They accused me of losing files, being disorganized, not being a team member and not completing work in a timely manner.

    5. My disability is unrelated to my ability to perform the essential functions of my job.

III.  A.  ISSUE/BASIS
HARASSMENT – NOVEMBER 1, 2012, THROUGH AUGUST 8, 2013, BECAUSE OF MY DISABILITY, DIABETES

    B.  PRIMA FACIE ALLEGATIONS
    1. I am an individual with a disability as defined by the Illinois Human Rights Act.

    2. Respondent was aware of my disability.

    3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 3 of 8

    4. From November 1, 2012, through August 8, 2013, I was harassed by Michele F. Hixon (no-known disability), Principal, Dr. Elaine Moor (no-known disability), Dean of Students, Ms. Rheams (no-known disability), Counseling Coach, and Elizabeth Bakula (no-known), License Social Worker. They accused me of losing files, being disorganized, not being a team member and not completing work in a timely manner.

    5. My disability is unrelated to my ability to perform the essential functions of my job.

IV.    A.    ISSUE/BASIS
HARASSMENT – NOVEMBER 1, 2012, THROUGH AUGUST 8, 2013, BECAUSE OF MY DISABILITY, ARTHRITIS

    B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. From November 1, 2012, through August 8, 2013, I was harassed by Michele F. Hixon (no-known disability), Principal, Dr. Elaine Moor (no-known disability), Dean of Students, Ms. Rheams (no-known disability), Counseling Coach, and Elizabeth Bakula (no-known disability)License Social Worker. They accused me of losing files, being disorganized, not being a team member and not completing work in a timely manner.

5. My disability is unrelated to my ability to perform the essential functions of my job.

V.    A.    ISSUE/BASIS
HARASSMENT – NOVEMBER 1, 2012, THROUGH AUGUST 8, 2013, BECAUSE OF MY DISABILITY, FOOT DISORDER

    B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 4 of 8

    4. From November 1, 2012, through August 8, 2013, I was harassed by Michele F. Hixon (no-known disability), Principal, Dr. Elaine Moor (no-known disability), Dean of Students, Ms. Rheams (no-known disability), Counseling Coach, and Elizabeth Bakula (no-known), License Social Worker. They accused me of loosing files, being disorganized, not being a team member and not completing work in a timely manner.

    5. My disability is unrelated to my ability to perform the essential functions of my job.

VI.  A.  ISSUE/BASIS
PERFORMANCE IMPROVEMENT PLAN- AUGUST 8, 2013, BECAUSE OF MY, AGE 54

    B.  PRIMA FACIE ALLEGATIONS
    1. My age was 54 at the time of the alleged violation.

    2. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

    3. On August 8, 2013, I was placed on a performance improvement plan by Michele F. Hixon (age unknown), Principal, and Dr. Elaine Moor (age unknown), Dean of Students. The reason given was for poor job performance.

    4. Similarly situated younger employees under the age of 40 were not placed on a performance improvement plan.

VII.  A.  ISSUE/BASIS
PERFORMANCE IMPROVEMENT PLAN- AUGUST 8, 2013, BECAUSE OF MY, DISABILITY, OCULAR MACULAR DEGENERATION

    B.  PRIMA FACIE ALLEGATIONS
    1. I am an individual with a disability as defined by the Illinois Human Rights Act.

    2. Respondent was aware of my disability.

    3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

    4. On August 8, 2013, I was placed on a performance improvement plan by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 5 of 8

VIII.  A.    ISSUE/BASIS
             PERFORMANCE IMPROVEMENT PLAN- AUGUST 8, 2013, BECAUSE OF MY, DISABILITY, DIABETES

      B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. On August 8, 2013, I was placed on a performance improvement plan by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

5. My disability is unrelated to my ability to perform the essential functions of my job.

IX.  A.    ISSUE/BASIS
             PERFORMANCE IMPROVEMENT PLAN- AUGUST 8, 2013, BECAUSE OF MY, DISABILITY, ARTHRITIS

      B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. On August 8, 2013, I was placed on a performance improvement plan by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

5. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 6 of 8

X.    A.    ISSUE/BASIS
PERFORMANCE IMPROVEMENT PLAN- AUGUST 8, 2013, BECAUSE OF MY, DISABILITY, FOOT DISORDER

     B.    PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. On August 8, 2013, I was placed on a performance improvement plan by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

5. My disability is unrelated to my ability to perform the essential functions of my job.

XI.    A.    ISSUE/BASIS
DISCHARGE – AUGUST 8, 2013, BECAUSE OF MY AGE, 54

     B.    PRIMA FACIE ALLEGATIONS

1. My age was 54 at the time of the alleged violation.

2. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

3. On August 8, 2013, I was discharged by Michele F. Hixon, ( age unknown), Principal, and Dr. Elaine Moor (age unknown), Dean of Students. The reason given was for poor job performance.

4. Similarly situated younger employees under age 40 were not discharged under similar circumstances.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 7 of 8

XII.  A.    ISSUE/BASIS
              DISCHARGE – AUGUST 8, 2013, BECAUSE OF MY DISABILTY, OCULAR MACULAR DEGENERATION

      B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with disability.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. On August 8, 2013, I was discharged by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

5. My disability is unrelated to my ability to perform the essential functions of my job.

XIII.  A.    ISSUE/BASIS
              DISCHARGE – AUGUST 8, 2013, BECAUSE OF MY DISABILTY, DIABETES

      B.    PRIMA FACIE ALLEGATIONS
1. I am an individual with disability.

2. Respondent was aware of my disability.

3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

4. On August 8, 2013, I was discharged by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

5. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2014CA1348
Complainant: Deirdre R. Benik
Page 8 of 8

XIV.  A.  ISSUE/BASIS
          DISCHARGE – AUGUST 8, 2013, BECAUSE OF MY DISABILTY, ARTHRITIS

      B.  PRIMA FACIE ALLEGATIONS
          1. I am an individual with disability.

          2. Respondent was aware of my disability.

          3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

          4. On August 8, 2013, I was discharged by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

          5. My disability is unrelated to my ability to perform the essential functions of my job.

XV.   A.  ISSUE/BASIS
          DISCHARGE – AUGUST 8, 2013, BECAUSE OF MY DISABILTY, FOOT DISORDER

      B.  PRIMA FACIE ALLEGATIONS
          1. I am an individual with disability.

          2. Respondent was aware of my disability.

          3. My job performance as a special education teacher met Respondent's expectations. I was hired on August 20, 2001.

          4. On August 8, 2013, I was discharged by Michele F. Hixon, ( no-known disability), Principal, and Dr. Elaine Moor (no-known disability), Dean of Students. The reason given was for poor job performance.

          5. My disability is unrelated to my ability to perform the essential functions of my job.

MFP/TFR/mfp



**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**

500 West Madison St., Suite 2000
Chicago, Il 60661-2511
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

**IDHR CHARGE NUMBER:** 2014CA1348     **BENIK DEIRDRE R**

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review the IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of the IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE



ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

## IMPORTANT NOTICE TO COMPLAINANT ABOUT MEDIATION

The Illinois Department of Human Rights is offering YOU the opportunity to participate in the IDHR Mediation Program before the charge is investigated.

Thousands of cases have already experienced that benefits of working out disputes without investigation or litigation. The **IDHR MEDIATION PROGRAM** lets the parties work out a settlement with the help of a trained impartial IDHR mediator.

**MEDIATION** is a form of dispute resolution where parties to an IDHR charge meet in an informal atmosphere and discuss settlement options to close the IDHR charge and avoid a lengthy and possibly expensive investigation.

**MEDIATION** can provide a fast, free alternative to the IDHR investigation process. The IDHR Mediation Program has a settlement rate of over 50%.

### Have you considered the advantages of MEDIATION?

MEDIATION....

...Is **free** – There is no cost to you or the other party. You schedule a mediation conference and attend – that's it!

...is **fast** – Cases can be mediated before the case is assigned for investigation, and conference sessions are scheduled from 9am – 1pm or 1pm – 5pm. Investigations typically last one year.

...is **confidential** – Participation in the IDHR Mediation Program will not affect the outcome of your case. The IDHR investigation is a completely separate process that will not be influenced by the mediation conference.

....is **not** a hearing on the merits of the charge. The purpose of mediation is to settle the charge by letting the parties discuss their differences and explore options that resolve the dispute.

If you are interested in Mediation contact the IDHR Mediation Unit at (312) 814-6889.

Rev. 9/12

100 West Randolph Street, Suite 10-100, James R. Thompson Center, Chicago, Illinois 60601, 312-814-6200, 866-740-3953 (TTY)



**State of Illinois**
Illinois Department of Human Rights

# CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights ("Department") is under a federal-court injunction that, among other things, orders the Department:

> "To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination".

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The Department cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the Department should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the Department to make a finding of fact as to conflicting evidence, the Department will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines "substantial evidence" as:

> "Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance". Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The Department's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The Department's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The Department will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the Department will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the Department will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr